# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 9, 2020

Lyle W. Cayce
Clerk

No. 19-51055
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JUSTIN RENE HERNANDEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:18-CR-283-5

Before HAYNES, WILLETT, and HO, *Circuit Judges*.

PER CURIAM:*

Justin Rene Hernandez pleaded guilty without benefit of a plea agreement to conspiring to possess with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 846, and was sentenced above the guidelines range of 292-365 months to a sentence of 408 months of

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

imprisonment. He now complains that the sentence imposed is substantively unreasonable, urging that the district court failed to account for his personal history and characteristics and gave undue weight to his prior convictions, which were already accounted for in the guidelines, particularly by virtue of his career-offender designation.

We review preserved challenges to the substantive reasonableness of a sentence under the abuse-of-discretion standard. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766–67 (2020); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). "A non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

Contrary to Hernandez's argument, the record demonstrates that the district court considered his personal history and characteristics in imposing sentencing, including his abusive father and alcoholic, drug-addicted mother, his step-father's incarceration, and his own early substance abuse, as well as his struggles in society following his manslaughter conviction at age 18. To the extent that Hernandez asserts that an upward variance was unreasonable because it was based on his prior convictions, which were already accounted for in his guidelines calculations, the argument is unavailing. *See United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008). The district court was entitled to consider and place appropriate weight on his criminal history, which included not only his manslaughter conviction but a conviction for aggravated assault and numerous convictions for assault causing bodily injury, some of which were unscored. *See* § 3553(a)(1); *see also United States v. Fraga*, 704 F.3d 432, 440–41 (5th Cir. 2013); *Brantley*, 537 F.3d at 350.

Hernandez fails to show that the district court failed to account for a factor that warranted significant weight or that it gave undue weight to an improper factor. *See Smith*, 440 F.3d at 708. We therefore defer to the district court's determination that the § 3553(a) factors, on the whole, warrant the variance. *See Brantley*, 537 F.3d at 349; *see also Gall v. United States,* 552 U.S. 48, 51 (2007).

AFFIRMED.